IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Benjamin Ray Nabors, ) | C/A No. 0:12-3301-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Deputy Timmons; Deputy Garrison; Sgt. ) | |
| Kurta; Investigator R. Plaxico, *I.D. # 2022* ) | |
| *Investigator LCSD*; Sheriff Ricky Chastain, ) | |
| *LCSD*; Lt. Brian K. Bridges, *LCSD* ) | |
| *Narcotics Officer*; Sgt. Justin R. Moody, ) | |
| *LCSD Narcotics Officer*; Major Hudson, ) | |
| *LCDC*; Lt. Linda Sullivan, *LCDC*; Judge ) | |
| W. Copeland, *Laurens County Magistrates* ) | **REPORT AND RECOMMENDATION** |
| *Offices, Laurens County*; Lt. Mareno ) | |
| Foggie, *LCSD Investigator*; LCSD Deputy ) | |
| Jamie Lee Edwards; Cpt. Stephan ) | |
| Williams, *LCSD Capt. Over Narcotics* ) | |
| *Officers LCSD*; Deputy Matthew A. Veal; ) | |
| Deputy Rhodes; Lt. Marty Crain; Cpt. ) | |
| Michael Coats, *LCSD*; Attorney Caroline ) | |
| Horlbeck *of Greenville Bar SC*; Laurens ) | |
| County SC; Alex Stalvey, *Attorney at Law* ) | |
| *SC Bar # 71739*; Yates Brown, Jr., *SC Bar* ) | |
| *# 78607*; Jerry W. Peace, *8th Circuit* ) | |
| *Solicitor's Office Greenwood, SC*; Paul ) | |
| Page, *LCSD Narcotics Officer*; Sgt. John ) | |
| Bragg, *LCDC*; South Carolina State Law ) | |
| Enforcement Division, *Laurens Counties* ) | |
| *Office Branch Director Capt. SLED*; S.C. ) | |
| Attorney General Salley W. Elliott, ) | |
| *Assistant Deputy Attorney General*; Ms. ) | |
| Elizabeth Wiygul, *SC Bar # 70785*; Mr. L. ) | |
| Craine, *P.P. of L.C.L.*; Bill Mayor, ) | |
| *Attorney, S.C. Bar*; Chip Howell, *Attorney,* ) | |
| *S.C. Bar*; Mike Turner, Jr., *Attorney, S.C.* ) | |
| *Bar*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

*PJG*

The plaintiff, Benjamin Ray Nabors, ("Plaintiff"), a self-represented state inmate, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a inmate at the Lee Correctional Institution in Bishopville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff's Complaint (ECF No. 1) alleges "violations of due process & violations of [Plaintiff's] state and federal 'constitutional rights,' committed by Laurens County employees of the Sheriff's Department [("LCSD")], Detention Center [("LCDC")], and 8th Circuit Solicitor's Office." (ECF No. 1 at 2.) The crux of Plaintiff's Complaint is that as a result of September 2008 warrants against him and his wife, he was forced to become an undercover confidential informant for the LCSD's Narcotics Unit notwithstanding knowledge that he was a "crack head since the 6th grade," with a long history of excessive use of alcohol and marijuana and mental health issues. (Id. at 12.) To maintain his cover, Plaintiff alleges that in investigating a methamphetamine lab, he was compelled to use drugs on June 9, 2009 and as a result of that use or exposure to methamphetamine chemicals, he began hallucinating. Following a series of events, Plaintiff and his wife were arrested on the outstanding warrants. Plaintiff asserts that even though he continued to hallucinate, he was released to maintain his cover and was directed to return to the lab. Following his release, Plaintiff's actions, which he attributes to his hallucinations, resulted in charges and convictions for armed robbery and grand larceny for stealing an individual's



vehicle and pocketbook. Plaintiff filed this action essentially challenging his convictions and seeks "a federal investigation into my complaint, claims that Laurens County Sheriff's Department did violate my constitutional rights as a mentally ill person, a person defined by the Americans With Disabilities Act, Title II, Regulations, as a disabled American citizen diagnosed and treated for both mental illnesses, as well as chronic alcohol and substance abuse problems since [I] was a child." (ECF No. 1-1 at 1.) Plaintiff wants the court "to impose fines of at least 3 million dollars against the [LCSD] and also the 8th Circuit Solicitors Office," to be paid to "the Americans with Disabilities organization of South Carolina, U.S.A., Earth," and to "make the [LCSD] change and modify its policies concerning the use of C.I. confidential informants." (Id. at 5-7.) Plaintiff also seeks for the court to acknowledge his wife and the owner of the vehicle and pocketbook he was convicted of stealing as victims of LCSD. (Id. at 9-11.) Plaintiff "ask[s] this court to also vacate my current convictions sentences which resulted directly from Laurens County Sheriff's Department's gross negligence which came to a head on 6-10-09." (Id. at 14.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990);

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

As an initial matter, Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983, such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[2] the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.



>of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87.  Thus, the United States Supreme Court has ruled that until a criminal conviction is set aside by way of appeal, post conviction relief ("PCR"), a writ of habeas corpus, or otherwise, any civil rights action based on the conviction and related matters will be barred.

Plaintiff alleges that during his armed robbery and carjacking, Plaintiff was acting under the public authority of the LCSD or was insane due to his alleged mental illness or his exposure to drugs and alcohol through his undercover activities for the LCSD. Accordingly, the court concludes that a judgment in favor of Plaintiff in this action would necessarily imply the invalidity of his convictions.  Plaintiff has not alleged that he has successfully challenged his state court convictions for armed robbery and carjacking. In fact, Plaintiff appears to allege that his PCR action is currently pending in state court. Therefore, pursuant to Heck, he may not bring a § 1983 lawsuit seeking damages or other relief for Plaintiff's allegedly unconstitutional conviction or imprisonment.  Moreover, challenges to Plaintiff's convictions may be raised only through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241 after exhausting the prisoner's state court remedies.

To the extent that Plaintiff's Complaint could be construed as attempting to assert a claim under Title II of the Americans with Disabilities Act, Plaintiff has failed to allege any denial of receipt of the benefits of any public service, program, or activity.  See Constantine



v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005) (citing Baird v. Rose, 192 F.3d 462, 467-70 (4th Cir. 1999)).

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint in the above-captioned case be summarily dismissed, without prejudice and without issuance and service of process. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(B)(1).

                                                                                                              _____
                                                                                                              Paige J. Gossett
                                                                                                              UNITED STATES MAGISTRATE JUDGE

February 22, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).